Honorable David G. Lewis Sherman County Attorney P. O. Box 986 Stratford, Texas 79084
Re: Enforcement of the compulsory liability insurance provisions of article 6701h, V.T.C.S.
Dear Mr. Lewis:
You have posed questions about sections 1A through 1G of article 6701h, V.T.C.S., new provisions of the Safety Responsibility Law which were enacted by the legislature in 1981. See Acts 1981, 67th Leg., ch. 800, at 3053. In pertinent part, your letter reads:
My specific questions are:
 (1) Does article 6701h, section 1B, V.T.C.S., require that evidence of financial responsibility, via . . . automobile liability insurance, be in the possession of an owner/operator of a vehicle while operating that vehicle upon public roads and highways in the state of Texas?
 (2) Upon subsequent proof at trial of financial responsibility by an owner/operator of a vehicle, is the presumption created in article 6701h, section 1D, V.T.C.S., rebutted?
In answer to your first inquiry, we observe that section 1B does not require the owner or operator of a vehicle to furnish evidence of financial responsibility upon request; it requires only that `information concerning evidence' be furnished.
Section 1B of the act reads:
 On and after January 1, 1982, every owner and/or operator in the State of Texas shall be required, as a condition of driving, to furnish, upon request, information concerning evidence of financial responsibility to a law enforcement officer of the State of Texas or any subdivision thereof, or agent of the Department, or to another person involved in an accident.
Thus, section 1B does not require that evidence of financial responsibility, such as an insurance policy or a card from the insurance company confirming coverage, must be in the possession of an owner or operator of a vehicle at the time and place the vehicle is being operated. Assuming without deciding that proof of financial responsibility can be satisfied only by a liability insurance policy, the statutory provision is satisfied if the owner or operator furnishes adequate information about the evidence of his financial responsibility when requested to do so, wherever the evidence itself might be physically located. See Attorney General Opinion MW-467 (1982) (no particular type of evidence required). We answer your first question in the negative.
Section D is of relevance to your second question; section 1D of the statute reads:
 Failure to give information as required in Section 1B, or the giving of information which is false, will raise a rebuttable presumption of failure to maintain financial responsibility.
Section 2.05 of the Penal Code governs the evidentiary effect of statutory presumptions. The provision, which only covers the operation of statutory presumptions as rules of evidence in criminal trials, see 1 R. Ray, Texas Law of Evidence § 58 (Texas Practice 3d ed. 1980), and does not restrict the use of statutory presumptions for other purposes, reads in part:
 When this code or another penal law establishes a presumption with respect to any fact, it has the following consequences:
 (1) if there is sufficient evidence of the facts that give rise to the presumption, the issue of the existence of the presumed fact must be submitted to the jury, unless the court is satisfied that the evidence as a whole clearly precludes a finding beyond a reasonable doubt of the presumed fact; and
 (2) if the existence of the presumed fact is submitted to the jury, the court shall charge the jury, in terms of the presumption and the specific element to which it applies . . . . (Emphasis added).
We first note that the constitutions of this state and of the United States require that all persons be presumed innocent, and that no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. U.S. Const. amends. V, XIV; Tex. Const. art. I, § 19; Mullaney v. Wilbur, 421 U.S. 684
(1975); In re Winship, 397 U.S. 358 (1970); Crocker v. State, 573 S.W.2d 190 (Tex.Crim.App. 1978). See also Penal Code § 2.01; Code Crim. Proc. art. 38.03. We need not consider here, however, whether the Safety Responsibility Law provision at issue establishes a valid rule of evidence for a criminal trial. See Skinner v. State, No. 01-81-0672-CR (Tex.Civ.App.-Houston [1st Dist.] Aug. 12, 1982, Rev. pet. pending) (not yet reported). In any case, upon proof that the defendant was adequately insured or was otherwise financially responsible at the time of the alleged offense the presumption would stand rebutted. The evidence as a whole would clearly preclude a finding that the `presumed' fact existed beyond a reasonable doubt based on the presumption. It would then be error, we believe, to charge the jury in terms of the presumption.
The `presumed fact' in such a situation is the failure of the defendant at the time of the alleged offense of `maintain financial responsibility.' Failure to carry, produce, or furnish information concerning evidence of financial responsibility is not a crime or offense under the act.
 SUMMARY
Article 6701h, section 1B, V.T.C.S., does not require that evidence of financial responsibility be in the possession of an owner or operator of a vehicle while it is being operated upon public roads and highways; proof that the defendant maintained financial responsibility at the time of the alleged offense rebuts any presumption the statute might create. The failure to carry, produce, or furnish information concerning evidence of financial responsibility is not a crime or offense under the new provisions of the Safety Responsibility Law.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Bruce Youngblood Assistant Attorney General